ROBERTA L. MAIN *v.* GEORGE E. MAIN
(6689)

BORDEN, SPALLONE and DALY, Js.

Argued December 20, 1988—decision released March 21, 1989

*Katherine M. Delisle,* with whom, on the brief, was *James E. Mattern,* for the appellant (defendant).

*Shelley M. Weiss,* for the appellee (plaintiff).

DALY, J. The defendant appeals from the judgment rendered in this dissolution of marriage action. He claims that the trial court erred (1) in permitting testimony concerning the plaintiff's self-serving declarations, (2) in permitting testimony from the plaintiff's psychologist, (3) in receiving posttrial evidence from the plaintiff, and (4) in making various financial orders. We find error in part.

The following facts are relevant to the resolution of this appeal. The parties were married on July 6, 1963, and have one minor child who was born on August 13, 1971.

The plaintiff instituted this dissolution action on May 1, 1986, claiming that the breakdown of the mar-

riage was caused by the defendant's physical and mental abuse of her. The defendant denied that claim, and alleged that the plaintiff's involvement with a third party was the actual cause of the breakdown. The plaintiff responded that her relationship with the third party evolved after the breakdown of the marriage. The trial court found the testimony of the plaintiff and her witnesses more credible and found that both parties were at fault for the breakdown of the marriage.

At the time of their separation, the plaintiff took her clothing, personal possessions and approximately $10,000 that she had earned from a real estate commission. The defendant retained eight pieces of real estate, including the family residence, two joint bank accounts, a boat, and he collected the rents and mortgage payments on the rental properties. He also retained the proceeds from the sale of a coin collection, a second boat, and the cash value of his life insurance policy.

The plaintiff's financial affidavit listed her weekly income as $1410, derived from real estate commissions, and the defendant's financial affidavit listed his weekly income as $224, derived from unemployment compensation.

The trial court ordered, inter alia, that (1) the real estate be divided between the parties, (2) neither party receive alimony, (3) neither party receive counsel fees, (4) the defendant execute a mortgage note and deed to the plaintiff in the amount of $125,000 with 8 percent interest payable monthly over five years, and (5) the defendant have custody of the minor child, with reasonable rights of visitation to the plaintiff. The court ordered the plaintiff to pay the defendant $25 per week as support and to furnish medical insurance for the minor child. This appeal ensued.

## I

The defendant's first claim of error concerns the testimony of Virginia Hungerford, one of the plaintiff's witnesses. The defendant objected on hearsay grounds to the following question that was posed to Hungerford: "Did [the plaintiff] ever state to you during the time you knew her about the condition of her marriage or the state of her marriage?" The trial court overruled the objection, and Hungerford answered the question.[1] On appeal, the defendant claims that the trial court erred in admitting this testimony because it contained the plaintiff's hearsay declarations.

We agree with the defendant that the trial court erred in its ruling. It is a fundamental rule of appellate procedure in the review of evidentiary rulings, however, that an appellant bears the burden of establishing the harmfulness of the erroneous ruling. *Shelnitz* v. *Greenberg,* 200 Conn. 58, 79, 509 A.2d 1023 (1986); 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed.) § 60i, p. 385. The defendant has failed to sustain his burden. The plaintiff herself testified that her marriage was unhappy and that the defendant constantly criticized her. Hungerford's testimony merely reiterated that of the plaintiff. Moreover, the trial court found that both parties, and not just the defendant, were at fault for the breakdown of the marriage. The ultimate question in determining the harmfulness of an error is whether the error is likely to affect the result. *Spoto*

---

[1] Hungerford's answer to the question was as follows:

"Just within the last several years. Maybe about four years ago, she said, you know, that she wasn't happy. That she would go home and George would be there and tell her what the hell was she doing there. They didn't need her. She said that she would go up in her room and spend most of the evening, when she did come home, in her bedroom. And that he criticized everything she did. That she never cooked. That she never did this, she never did that, which I know differently."

v. *Hayward Mfg. Co.*, 2 Conn. App. 663, 677, 482 A.2d 91 (1984). On the basis of the foregoing, we do not think the error affected the result of the case.

## II

The defendant's next evidentiary claim of error concerns the testimony of Charles Doyle, a psychologist whom the plaintiff consulted subsequent to the commencement of this action. On direct examination, Doyle testified that the plaintiff was frightened by some of the things that had occurred during her marriage. When asked more specifically what the plaintiff was frightened of, the defendant objected, claiming that the question called for hearsay. The trial court overruled the objection.

A physician who is consulted for professional treatment or advice may testify as to statements made to him by the patient. *Brown* v. *Blauvelt*, 152 Conn. 272, 274, 205 A.2d 773 (1964). This exception to the hearsay rule does not apply, however, "where the physician is being consulted, not for the purposes of advice or treatment, but merely for the purpose of enabling him to give his opinion as a witness." Id.

A review of Doyle's testimony clearly indicates that he was the plaintiff's treating psychologist for a period of six months and that he was consulted for the purpose of treating the plaintiff. There is nothing in the record to demonstrate that Doyle was retained with an eye toward the impending litigation. The trial court did not err in allowing this testimony.

The defendant further claims that the court erred in permitting Doyle to testify as to his opinion of the plaintiff's credibility with respect to the allegations she raised in her therapy sessions. The record discloses that the defendant failed to object to this question. Accord-

ingly, we decline to consider this evidentiary claim raised for the first time on appeal. Practice Book § 4185.

## III

The defendant next claims that the court erred in considering posttrial evidence submitted by the plaintiff in her posttrial brief. In order successfully to attack the trial court's decision on this ground, however, the defendant must show that the record reasonably discloses that the court relied on matters not in evidence or not properly in evidence for the basis of its conclusion. *Velsmid* v. *Nelson,* 175 Conn. 221, 224, 397 A.2d 113 (1978); *Castellani* v. *Criscuolo,* 39 Conn. Sup. 485, 487, 466 A.2d 812 (1983). There is no error on this claim because the record does not disclose that the trial court relied on improper evidence.

## IV

The defendant next challenges several financial orders made by the court. " 'As a preliminary matter, we note that a trial court has broad discretion in domestic relations cases. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Flynn* v. *Flynn,* 7 Conn. App. 745, 746, 510 A.2d 1005 (1986). A reviewing court allows every reasonable presumption in favor of the correctness of the trial court's ruling. *Gallo* v. *Gallo,* 184 Conn. 36, 44, 440 A.2d 782 (1981).' *Little* v. *Little,* 14 Conn. App. 195, 196, 540 A.2d 102 (1988). The standard of review is whether the trial court abused its legal discretion. *deCossy* v. *deCossy,* 172 Conn. 202, 204, 374 A.2d 182 (1977). In determining whether the trial court abused its discretion, the ultimate issue is whether the court could reasonably conclude as it did. *Fattibene* v. *Fattibene,* 183 Conn. 433, 442, 441 A.2d 3 (1981)." *Pasqua* v. *Pasqua,* 16 Conn. App. 278, 279, 547 A.2d 556 (1988).

The defendant claims, inter alia, that the trial court abused its discretion in ordering the plaintiff to pay only $25 per week toward the support of their minor child. General Statutes § 46b-84 (b) provides: "In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."

"The amount of an award for the support of children incident to a divorce is a matter within the sound discretion of the court and will not be disturbed unless the discretion appears to have been abused. . . . An order for the support of minor children is not based solely on the needs of the children but takes into account what the parent can afford to pay. In consequence of this, a child support order may not accurately reflect what the children actually require but only what the parent can reasonably be expected to pay. . . ." (Citations omitted.) *Fowler* v. *Fowler,* 156 Conn. 569, 572, 244 A.2d 375 (1968). The award of $25 per week is highly disproportionate to the plaintiff's weekly earnings of $1410 and, accordingly, we conclude that this is one of those rare cases in which the trial court abused its broad discretion in making the order. See *McPhee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982). After a thorough review of the record, however, we cannot say that the trial court abused its discretion in making the remaining financial orders.

V

In her brief, the plaintiff has claimed that the defendant's appeal is frivolous and that she is therefore

entitled to receive attorney's fees on the defense of this appeal. We decline to consider this issue because the plaintiff failed to raise this claim in a motion for sanctions pursuant to Practice Book § 2036. See *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 463, 538 A.2d 1017 (1988) (where the court considered a motion for sanctions that had been filed, was presumably denied and was later renewed at oral argument).

There is error in part, the judgment with respect to the amount of child support is set aside and the case is remanded for a new hearing limited to that issue.

In this opinion the other judges concurred.