IN RE SONCHERAY H. ET AL.*
(15332)

Landau, Heiman and Spear, Js.

Argued June 5—officially released August 20, 1996

*Sharon A. Peters,* for the appellant (respondent).

*Linda Pearce Prestley,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (petitioner).

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

*Annette Varese Willis*, for the minor children.

HEIMAN, J. The respondent appeals from the trial court's judgment terminating her parental rights on the grounds that (1) the trial court improperly denied her motion to expunge and seal the minor children's brief and (2) the trial court had before it insufficient evidence to find that the respondent had failed to rehabilitate. We affirm the judgment of the trial court.

On May 1 and May 8, 1995, a trial was held in the Superior Court for Juvenile Matters at Middletown in which the petitioner, the state department of children and families (DCF), sought the termination of the respondent's parental rights as to her two minor children. At the completion of the trial, the trial court ordered that all parties submit briefs on or before June 1, 1995. The petitioner and the respondent complied with this order. Counsel for the minor children filed a trial brief on June 8, 1995. The respondent filed a motion to expunge and seal the minor children's brief on the grounds that the brief was not timely filed and it contained information not submitted as evidence at trial. The respondent did not request a hearing on the motion. The trial court denied the respondent's motion, but permitted the respondent to file a reply brief. The court did not file a written decision as to the grounds of its denial of the motion.[1] The respondent filed a reply brief on June 30, 1995. On August 10, 1995, the trial court granted the termination petition on the ground that the respondent had failed to rehabilitate and found that the termination of the respondent's parental rights was in the best interests of the children. This appeal follows.

The respondent has failed to include a statement of issues in her appellate brief in violation of Practice

---

[1] The respondent did not file a motion for articulation on appeal in an effort to discern the reasons for the trial court's denial of the motion. See Practice Book § 4051.

Book § 4065 (a).[2] We determine from the arguments in the respondent's brief that the respondent makes two claims on appeal. First, the respondent claims that the trial court improperly denied her motion to expunge and seal the minor children's brief. As to this first claim, she asserts generally, as she did in her motion and her reply trial brief, that the trial court should have expunged the minor children's brief because it contained facts not in evidence. Also as to this first claim, the respondent asserts that the trial court's acceptance of the brief violated her statutory rights to confrontation and due process under General Statutes § 46b-135 (b).[3] The respondent's second claim is that the trial court had before it insufficient evidence to find that she had failed to rehabilitate.

We decline to address the respondent's claim that the trial court's acceptance of the minor children's brief violated her statutory rights under § 46b-135 (b) because it was not raised before the trial court. "[W]e have consistently declined to review claims based on a ground different from that raised in the trial court. . . . To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge. . . ." (Citations omitted; internal quotation

---

[2] Practice Book § 4065 provides in relevant part: "The appellant's brief shall contain the following:

"(a) A concise statement setting forth, in separately numbered paragraphs, without detail or discussion, the principal issue or issues involved in the appeal, with appropriate references to the page or pages of the brief where the issue is discussed . . . . The statement ordinarily should not exceed one page in length and should be on a page by itself. The court may refuse to receive a brief not complying with that requirement. Such statement shall be deemed in replacement of and shall supersede the preliminary statement of issues."

[3] General Statutes § 46b-135 (b) provides in relevant part: "At . . . any proceeding on behalf of a neglected, uncared-for . . . child or youth . . . [the] parent or guardian of the child or youth shall have the rights of confrontation and cross-examination."

marks omitted.) *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995).

The respondent's claim that the motion to expunge and seal should have been granted because the minor children's brief contained facts not in evidence was properly preserved for appellate review. The claim that the brief contained facts not in evidence was set out in the motion itself. The argument was advanced in the respondent's reply trial brief and has been briefed in this appeal. This claim is governed by *Main* v *Main*, 17 Conn. App. 670, 675, 555 A.2d 997, cert. denied, 211 Conn. 809, 559 A.2d 1142 (1989). In *Main*, the defendant claimed that the trial court improperly considered evidence submitted by the plaintiff in her posttrial brief. This court held that in order successfully to attack the trial court's decision on this ground, the defendant must show that the record reasonably discloses that the court relied on matters not in evidence or not properly in evidence for the basis of its conclusion. Id. In *Main*, the defendant's claim failed because the record did not disclose that the trial court relied on improper evidence contained in the posttrial brief. Id.

Here, the respondent conceded in her appellate brief that the trial court's memorandum of decision does not refer to the allegedly improper facts contained in the minor children's brief. Moreover, the respondent conceded at oral argument that the trial court's memorandum of decision set forth no facts generated solely by the minor children's brief. Our review confirms the respondent's concessions. Thus, the record does not disclose that the trial court relied on matters not in evidence or not properly in evidence for the basis of its conclusion, and, consequently, the respondent's claim that the trial court improperly denied her motion to expunge and seal the minor children's brief must fail. *Main* v. *Main*, supra, 17 Conn. App. 675.

The respondent also claims that there was insufficient evidence for the trial court to find that the respondent had failed to rehabilitate within the meaning of General Statutes § 17a-112 (b) (2)[4]. Our review of this claim is confined to the determination of whether the trial court could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify its findings. *In re Benjamin C.*, 22 Conn. App. 458, 461, 557 A.2d 1117 (1990). When applying this standard, we construe the evidence in a manner most favorable to sustaining the judgment of the trial court. Id.

The evidence produced at trial through the testimony of the DCF social worker, the social worker from Village for Families and Children and the expert testimony of Walter Borden, a psychiatrist, provided sufficient evidence to support the trial court's conclusion that the respondent had failed to rehabilitate. The evidence at trial established that the respondent failed to comply with court ordered drug screenings, refused to participate in counseling for drug abuse and responsible parenting, refused to maintain regular visitation with her children, often allowing eight or nine months to pass without visiting them in foster care, and failed to maintain housing and income for any length of time that would permit the children's return from foster care. "We will not second guess . . . the observations and conclusions of the Superior Court for Juvenile Matters when they are based upon [sufficient] evidence. . . ."

[4] General Statutes § 17a–112 (b) provides in relevant part: "The superior court upon hearing and notice . . . may grant [a] petition [for the termination of parental rights] if it finds . . . (2) the parent of a child who has been found by the superior court to have been neglected or uncared for in a prior proceeding has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in the life of the child . . . ."

(Citations omitted; internal quotation marks omitted.) *In re Noel M.*, 23 Conn. App. 410, 419, 580 A.2d 996 (1990).

The judgment is affirmed.

In this opinion the other judges concurred.