THERESA GURGUIS ET AL. *v.* EMIL FRANKEL, COMMISSIONER OF TRANSPORTATION, ET AL.
(AC 25405)

Schaller, Flynn and McLachlan, Js.

Argued September 23, 2005—officially released January 17, 2006

*Karen L. Dowd*, with whom were *Brendon P. Levesque* and, on the brief, *Donna R. Zito*, for the appellant (defendant L.G. DeFelice, Inc.).

*Martin M. Rutchik*, with whom was *Sharon Lee Gibbs*, for the appellees (plaintiffs).

*Cynthia C. Bott, Richard A. Bieder* and *Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

McLACHLAN, J. The defendant L.G. DeFelice, Inc.,[1] appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the plaintiffs, The-

---

[1] This action was brought against Emil Frankel, commissioner of transportation, pursuant to General Statutes § 13a-144, and against L.G. DeFelice, Inc., for injuries sustained by the plaintiffs, Theresa Gurguis, Gamal Gurguis and Meena Gurguis, as the result of a claimed highway defect. The trial court concluded that the plaintiffs failed to prove all of the elements of their claim under § 13a-144 and that General Statutes § 13a-145 precluded the state's liability under § 13a-144. The plaintiffs did not file a cross appeal from the judgment as to Frankel. In this opinion, we refer to L.G. DeFelice, Inc., as the defendant.

resa Gurguis, Gamal Gurguis and Meena Gurguis.[2] The defendant claims that the court improperly concluded that (1) the defendant had a duty to warn the plaintiff of a declivity[3] existing between the pavement and grassy shoulder of a portion of highway along Interstate 395, (2) the defendant had a duty to warn the plaintiff of the declivity even though the state had no such duty to warn the plaintiff and (3) there was sufficient evidence to support the judgment in favor of the plaintiff. We agree with the defendant's third claim and, accordingly, reverse the judgment of the trial court.

The record reveals the following facts. On November 19, 2000, sometime between 9:30 a.m. and 9:45 a.m., the plaintiff and her son, Meena Gurguis, were driving southbound along Interstate 395, having entered onto the highway via entrance ramp eighty-five. It was a Sunday, and the weather was clear and dry. According to the plaintiff's testimony, while she was traveling in the left lane at a point approximately three-tenths of one mile past the entrance ramp, she noticed a large white truck approaching from behind in the right lane and was concerned that it was going to collide with her vehicle. The plaintiff indicated that to avoid the truck, she moved her vehicle farther to the left. She further testified that because of the speed of the truck and its closeness to her vehicle, a gust of wind created by the passing truck blew her vehicle onto the shoulder of the highway. The plaintiff lost control of the vehicle and collided with the median guardrail. She and her son suffered injuries in the collision.

---

[2] Theresa Gurguis was the operator of the vehicle involved in the accident that is the subject of this lawsuit. Her son, Meena Gurguis, was a passenger in the vehicle. Her husband, Gamal Gurguis, brought a claim for loss of consortium. For our convenience, we refer to Theresa Gurguis in this opinion as the plaintiff.

[3] A "declivity" is defined as a "downward inclination." Merriam-Webster's Collegiate Dictionary (11th Ed. 2005).

The evidence indicated that the defendant, pursuant to a contract with the state, had laid new asphalt over the old layer of pavement on that section of Interstate 395 the day before the accident. After the new pavement was laid, the shoulder was not level with the paved portion of the highway. The newly laid pavement was black, and the grass in the center median was yellow so that there was a clear demarcation as to the pavement and the shoulder of the highway. At the end of the workday, the defendant spray painted a broken white line on the newly installed pavement, but did not place yellow fog lines along the left side of the left lane of that pavement. There were no signs, cones, barrels or any other type of warning devices placed along that stretch of highway to indicate the existence of the claimed declivity between the pavement and the shoulder of the highway.

The court filed its memorandum of decision on April 13, 2004. The following findings and conclusions of the court are important to the resolution of the issues on appeal. "At the end of the day, [the defendant] spray painted a broken white line on the pavement, but did not place any lines or signals on the pavement to warn drivers about the declivity. . . . The evidence shows that an orange sign, legally closing the road, was posted on [entrance ramp eighty-five]. . . . [The plaintiff] moved her vehicle to the left of her lane, and a gust of wind created by the passing truck blew her vehicle over the left boundary of the left lane onto the shoulder of the highway. The tires of her vehicle fell into the declivity between the grass shoulder and the pavement. She subsequently lost control of her vehicle and collided with the median guardrail. . . . [T]he [plaintiff has] not met [her] burden of proving all the elements of [her] claim [against the state] under General Statutes § 13a-144. . . . General Statutes § 13a-145 applies to this case and bars the state's liability under § 13a-144. . . . This

court, however, cannot impute the immunity established by § 13a-145 to [the defendant] because this would defy the legislature's express direction. . . . Based on [the defendant's] experience and the guidelines [the defendant] had for the maintenance and protection of traffic, [the defendant] should have anticipated that an accident, such as the one that occurred in this case, could easily occur if motorists were not sufficiently warned about the declivity. Therefore, by not placing proper pavement markings warning motorists about the declivity, [the defendant] breached its duty to warn motorists about the defect. . . . The [plaintiff] claim[s] that [the defendant's] failure to warn motorists of the declivity by placing a warning marking, such as a line, on the pavement, caused [the plaintiff] to misperceive the actual road condition. Moreover, if she were aware of the declivity or had an indication of where the left border of the pavement actually ended, she would not have moved her vehicle slightly to the left, a normally safe and reasonable driving maneuver. By failing to warn [the plaintiff] about the declivity, [the defendant] breached its duty under the standards of ordinary prudence, which were reinforced by the . . . contract that provided guidelines for the maintenance and protection of traffic."

The court awarded the plaintiff damages in the amount of $237,617.11. It additionally awarded Meena Gurguis damages of $2275.34 and Gamal Gurguis damages of $5000. This appeal followed.

The defendant claims that the court improperly rendered judgment in favor of the plaintiff because the evidence she submitted was insufficient to prove that the defendant's failure to warn of the declivity was the proximate cause of her injuries. We agree. Because the resolution of that issue is dispositive of the appeal,

we do not reach the defendant's remaining claims as to duty.[4]

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . If a plaintiff cannot prove all of those elements, the cause of action fails. . . . [I]n a negligence action . . . [a] causal relation between the defendant's wrongful conduct and the plaintiff's injuries is a fundamental element without which a plaintiff has no case . . . ." (Citations omitted; internal quotation marks omitted.) *Right* v. *Breen*, 88 Conn. App. 583, 586–87, 870 A.2d 1131, cert. granted on other grounds, 274 Conn. 905, 876 A.2d 14 (2005). "To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct legally caused the injuries. . . . The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . . The second component of legal

---

[4] One of the defendant's claims is that, as the state's contractor, it could not be found liable to the plaintiff because the court determined that the state was not liable to the plaintiff. We need not address the issue of duty because the plaintiff failed to prove the requisite causation. See *Malloy* v. *Colchester*, 85 Conn. App. 627, 633, 858 A.2d 813, cert. denied, 272 Conn. 907, 863 A.2d 698 (2004).

It should be noted, however, that the court specifically found that a sign advising of the road closure had been posted at the entrance ramp used by the plaintiff to access Interstate 395; the road was legally closed. A reasonably prudent person, being advised of construction and the closing of the road, is thereby given notice that one proceeds at his or her own risk. See General Statutes § 13a-145.

With the posting of the sign, the traveling public was duly warned that hazards inherent in the construction process were present and that caution was required. The plaintiff argues that an additional warning was necessary to advise of the declivity, but a road closure sign necessarily takes into account various conditions that would arise by virtue of road construction. Because the issue of causation is dispositive of this appeal, we need not address the issue of whether the state's road closure sign would of itself be sufficient as a warning of any possible declivities along the closed road.

cause is proximate cause . . . . [T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . Further, it is the plaintiff who bears the burden to prove an unbroken sequence of events that tied his injuries to the [defendants' conduct]. . . . The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. . . . This causal connection must be based upon more than conjecture and surmise." (Citations omitted; internal quotation marks omitted.) *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, 250 Conn. 14, 24–26, 734 A.2d 85 (1999).

"Proximate cause is ordinarily a question of fact." *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 384, 441 A.2d 620 (1982). "To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . ." (Citations omitted; internal quotation marks omitted.) *Frillici* v. *Westport*, 264 Conn. 266, 277, 823 A.2d 1172 (2003).

The court concluded that the defendant was negligent in failing to warn of the declivity that existed between the paved portion of the highway and the shoulder. The court did not find that the defendant was negligent in creating the declivity, only that "by not placing proper pavement markings warning motorists about the declivity, [the defendant] breached its duty to warn motorists about the defect." The evidence presented is insufficient to support the judgment in favor of the plaintiff in two respects. First, the record is deficient in establishing the location and length of the declivity. Exhibit one, a photograph of the declivity taken by the state police trooper at the accident scene, indicates a five and one-half inch declivity at one point, as measured

by a ruler shown on the photograph. The trooper could not say, however, exactly where the photograph had been taken. He stated that it was taken in the "general area" where the plaintiff first left the highway. On cross-examination, the trooper indicated that he had noticed a disturbance in the grass on the median strip and that approximately 425 feet from that point were indications of a collision with the guardrail. He confirmed that exhibit one did not show any indication of a disturbance in the grass next to the pavement and that he did not know how far from the area of disturbance his measurement with the ruler was taken. Having failed to establish the location and length of the five and one-half inch declivity, the court's factual finding that "[t]he tires of [the plaintiff's] vehicle fell into the declivity between the grass shoulder and the pavement" has no evidentiary support. To conclude that the plaintiff lost control of her vehicle because of the declivity would be pure conjecture and speculation.[5]

Second, and much more problematic, is the total lack of evidence that the failure to warn of the declivity caused the plaintiff's injuries. The court made the following factual finding: "The plaintiff claims that [the defendant's] failure to warn motorists of the declivity by placing a warning marking, such as a line, on the pavement, caused [the plaintiff] to misperceive the

---

[5] The plaintiff, whose testimony was translated by an interpreter, briefly mentioned the declivity in her testimony:

"[The Plaintiff]: After entrance [eighty-five], I looked in the mirror. I saw a truck was speeding. I thought it was gonna hit me. I swing to the left. I moved to the left lane and, after the truck pass me so fast, the edge of the truck make kind of like, what she stated, exactly like wave she found her car, the rear tire is hooked to the curb of the road. I lost control of the car, and the car keeps bouncing back and forth to the side of the road, which is about, like, five and a half, six inches high, and she found the trunk of the car is kind of high and she lost, she went in concussion."

Such testimony is scant evidence that the plaintiff's vehicle hit the declivity when the vehicle left the paved portion of the highway and that she lost control because of the declivity.

actual road condition. Moreover, if she were aware of the declivity or had an indication of where the left border of the pavement actually ended, she would not have moved her vehicle slightly to the left, a normally safe and reasonable driving maneuver." After a thorough review of the transcript testimony, we find that the record is absolutely devoid of any such testimony by the plaintiff. The plaintiff may have claimed causation in her pleadings, but no evidence was presented to support that claim. The plaintiff testified that the speeding truck blew her vehicle off the paved portion of the highway. She did not state that she misperceived road conditions or that a warning of the declivity would have changed her actions in any respect.

"Drawing logical deductions and making reasonable inferences from facts in evidence, whether that evidence be oral or circumstantial, is a recognized and proper procedure in determining the rights and obligations of litigants, but to be logical and reasonable they must rest upon some basis of definite facts, and any conclusion reached without such evidential basis is a mere surmise or guess." (Internal quotation marks omitted.) *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, supra, 250 Conn. 34. It was clearly erroneous for the court to conclude, without any facts in evidence in support of the conclusion, that the plaintiff would have reacted differently if a warning had been posted by the defendant. Such an inference is a mere surmise or guess. See id. Therefore, we conclude that there is no causal connection between the alleged negligent conduct of the defendant, i.e., the failure to warn of the declivity, and the plaintiff's injuries.

The judgment is reversed and the case is remanded with direction to render judgment in favor of the defendant.

In this opinion the other judges concurred.