
## ANTWAIN HERNANDEZ ET AL. *v.* JANET DAWSON ET AL.
### (AC 28842)

Lavine, Beach and Hennessy, Js.

Argued May 21—officially released August 12, 2008

*Brian M. Gildea,* for the appellant (named defendant).

*John A. Cirello,* for the appellees (plaintiffs).

BEACH, J. In this personal injury action, the defendant Janet Dawson[1] appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the plaintiff Antwain Hernandez.[2] On appeal, the defendant claims that the court's findings that her negligence was the proximate cause of the plaintiff's injury and that the plaintiff was not comparatively negligent were clearly erroneous. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The defendant's property is located in an area where children in their early teens congregate and play. On September 8, 2005, the plaintiff, who was a teenager, received a severe laceration on the left side of his nose, which resulted in permanent scarring, as a result of his face coming in contact with a fence post on the defendant's property. The portion of the fence on which the plaintiff fell was in total disrepair. The rounded cap of the fence post was missing, leaving exposed a bare pipe with sharp top edges. The fence post borders a sidewalk, is unpainted and would be difficult to see except in daylight. At the time of the incident, the premises were dark with no lights coming from the house.

By amended complaint dated September 27, 2006, the plaintiff sought to recover damages for injuries and permanent disfigurement sustained when his face

---

[1] Apple Management, LLC, was also a defendant in this matter. Only Dawson filed an appeal in this case, and, therefore, we will use the term defendant to refer to her only.

[2] Hernandez by and through his father and next best friend, Pedro Hernandez, and Pedro Hernandez, individually, brought the complaint in this matter. Pedro Hernandez, individually, sought to recover medical expenses incurred as a result of his son's injuries. The court dismissed the counts of the plaintiffs' complaint that Pedro Hernandez brought individually. Therefore, we will use the term plaintiff to refer to Antwain Hernandez only.

struck the steel fence post on the defendant's property.[3] In her answer, the defendant denied the allegations of negligence. The defendant further pleaded, as a special defense, that the plaintiff's injuries were due to his negligence.

The matter was tried to the court. On April 11, 2007, the court issued a memorandum of decision in which it found in favor of the plaintiff. The court concluded that the defendant's negligence in maintaining the fence post was the proximate cause of the plaintiff's injury. The court awarded the plaintiff $2809.04 in economic damages and $37,500 in noneconomic damages. This appeal followed.

I

The defendant claims that there is no evidence in the record to support the court's finding that her negligence was the proximate cause of the plaintiff's injury. Rather, the defendant contends that the plaintiff's actions were the proximate cause of his injury and that the court improperly failed to find that the plaintiff was more than 50 percent comparatively negligent. We disagree.

We first set forth our standards of review. "Proximate cause is ordinarily a question of fact. . . . To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly

[3] In count one, Antwain Hernandez, acting through his father, asserted a negligence claim against the defendant. In count two, Pedro Hernandez, on his own behalf, sought to recover from the defendant medical expenses that he allegedly incurred or will incur for the treatment of his son's injuries. In count three, Antwain Hernandez, acting through his father, asserted a negligence claim against Apple Management, LLC, which the plaintiffs alleged controlled, possessed, managed or maintained the defendant's property, including the yard and fence post that caused the injuries. In count four, Pedro Hernandez, on his own behalf, sought to recover from Apple Management, LLC, medical expenses that he allegedly incurred or will incur for the treatment of his son's injuries. On April 11, 2007, the court dismissed counts two and four.

erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . ." (Citation omitted; internal quotation marks omitted.) *Gurguis* v. *Frankel*, 93 Conn. App. 162, 168, 888 A.2d 1083, cert. denied, 277 Conn. 916, 895 A.2d 789 (2006).

"Contributory negligence is a question of fact to be determined by the trier from all the circumstances. The burden of proof is on the defendant. Where the trier concludes that one is free from contributory negligence, that conclusion must stand unless the conduct involved is manifestly contrary to that of the reasonably prudent . . . [person]. . . . When the actor is a child, the conduct of that child is to be measured by that which may reasonably be expected of children of similar age, judgment and experience." (Citations omitted; internal quotation marks omitted.) *Clennon* v. *Hometown Buffet, Inc.*, 84 Conn. App. 182, 188–89, 852 A.2d 836 (2004).

The following additional facts are relevant to our resolution of the defendant's claim. The court noted that the plaintiff's version of the incident differs from that of the defendant. The plaintiff testified that as he was leaving the defendant's premises, he was struck in the back of the head by a "fuzz ball," thereby causing him to turn around quickly. As he was turning around to see who threw the "fuzz ball," his face struck the fence post causing a laceration to his face. Ann Hotchkiss, a witness for the defendant, testified that she witnessed the incident. She testified that the plaintiff, while playing with other children, either tripped over or jumped off his bike and fell into the fence post. She further testified that the plaintiff was acting like a typical teenager and that she had children of her own who were once that age.

We cannot say that the court's finding that the defendant's negligence in maintaining the fence post was the

proximate cause of the plaintiff's injury was clearly erroneous. Photographs entered as full exhibits depict the fence post without a cap and with exposed sharp edges. There was testimony from Edward Rodriguez, who lived next door to where the incident took place, that the fence had been in that condition for approximately one year prior to the incident. Rodriguez and Francisco Moll, both of whom were socializing with the plaintiff on the night of the incident, testified that the premises were dark with no lights coming from the street or from the house. The court found that under either the plaintiff's or the defendant's theory of events, it was the contact with the raw metal top of the fence post that lacerated the plaintiff's face.

The court also found that under either theory, the plaintiff was not comparatively negligent. According to the plaintiff's theory, he was struck from behind by a "fuzz ball." The court found that there was no act on the part of the plaintiff that could be seen as negligent, particularly because it was dark. With respect to the defendant's theory of contributory negligence, the court found that the plaintiff could not have seen the hazardous fence post before it was too late. We cannot say that the court's findings that the defendant's negligence was the proximate cause of the plaintiff's injury and that the plaintiff was not comparatively negligent were clearly erroneous.

II

The plaintiff claims in his brief that the defendant's appeal is frivolous. He argues, therefore, that under Practice Book § 85-2, he is entitled to receive attorney's fees and costs incurred as a result of her appeal. Practice Book § 85-2 provides in relevant part: "Actions which may result in the imposition of sanctions include, but are not limited to, the following . . . (5) Presentation of a frivolous appeal or frivolous issues on appeal.

. . . Offenders will be subject, at the discretion of the court, to appropriate discipline, including . . . costs and payment of expenses, together with attorney's fees to the opposing party. . . ." "Sanctions may be imposed by the court, on its own motion, or *on motion* by any party to the appeal. . . ." (Emphasis added.) Practice Book § 85-3. We decline to consider this issue because the plaintiff failed to raise this claim in a motion for sanctions. See *Main* v. *Main*, 17 Conn. App. 670, 676–77, 555 A.2d 997 (declining to review appellant's claim for attorney's fees based on alleged frivolity of appeal when claim not raised in motion for sanctions), cert. denied, 211 Conn. 809, 559 A.2d 1142 (1989); see also Practice Book § 85-3.

The judgment is affirmed.

In this opinion the other judges concurred.