MAUREEN T. WALLBEOFF *v.* JAMES L. WALLBEOFF III
(AC 29201)

DiPentima, Gruendel and West, Js.

Argued October 23, 2008—officially released March 10, 2009

*William H. Cashman,* for the appellant (plaintiff).

*Daniel H. Kennedy III,* for the appellee (defendant).

*Opinion*

DiPENTIMA, J. In this appeal from the judgment dissolving the parties' marriage, we examine the parameters of the appellant's burden to create an adequate record for our review. The plaintiff, Maureen T. Wallbeoff, appeals from the judgment of the trial court solely as to the financial orders, claiming that the court abused its discretion by improperly deviating from the statutory child support guidelines when it issued financial orders without first making the specific factual findings required by § 46b-215a-3 (a)[1] of the Regulations of Connecticut State Agencies. See also General Statutes

---

[1] Section 46b-215a-3 (a) provides in relevant part: "The current support, health care coverage contribution, and child care contribution amounts calculated under section 46b-215a-2b of the Regulations of Connecticut State Agencies, and the amount of the arrearage payment calculated under section 46b-215a-4a of the Regulations of Connecticut State Agencies, are presumed to be the correct amounts to be ordered. The presumption regarding each such amount may be rebutted by a specific finding on the record that such amount would be inequitable or inappropriate in a particular case. An agreement of the parties may be sufficient to rebut the presumption when such finding cites one or more deviation criteria, which may include other equitable factors, to support such agreement. Any such finding shall state the amount that would have been required under such sections and include a factual finding to justify the variance. . . ."

§ 46b-215a (establishing guidelines). She also claims that it was an abuse of discretion for the court not to have imposed any of the sanctions available under Practice Book § 13-14 on the defendant, James L. Wallbeoff III, for his failure to produce subpoenaed documents concerning a trust from which he and the parties' child had inherited $102,000. We agree with the plaintiffs' first claim, reverse the judgment solely as to the financial orders and remand the case for a new trial on all of the financial issues. We decline to address the plaintiff's second claim.

The court found the following facts. The parties were married on September 23, 1990, in Connecticut. They are the parents of one minor child.[2] During most of the marriage, the plaintiff earned more money than the defendant and did almost all of the household tasks. Although the defendant became unemployed in March, 2007, the court found his earning capacity as a woodworker to be $33,000 per year. In the five years preceding the dissolution, the defendant became disengaged from his marriage and family and primarily caused the breakdown of the marriage. Also during the marriage, the defendant and the parties' child collectively inherited, as beneficiaries of a trust, approximately $102,000, all of which the defendant spent over two years.

The plaintiff initiated an action to dissolve her marriage to the defendant in February, 2006. Both parties requested an order of alimony and child support. After a limited contested trial, the court issued its memorandum of decision on August 10, 2007, dissolving the marriage, incorporating the parties' fifty-fifty shared parenting agreement and ordering that their child reside primarily with the plaintiff. The court also ordered that

___

[2] The parties agree that their child was born on April, 27, 1994. The court's statement of her birth year as 1990 in its memorandum of decision is evidently a scrivener's error.

the plaintiff pay $71 per week in child support to the defendant and $200 per week in alimony to him for six years. Neither party disputes that these amounts deviate from the child support guidelines, and both submitted worksheets on the basis of those guidelines to the court. See Regs., Conn. State Agencies § 46b-215a-5b. The record further shows, and the parties do not dispute, that the court made these deviations without first (1) finding the presumptive amounts that would have been required under the guidelines absent any deviation, (2) making a specific finding on the record that such amount would be inequitable or inappropriate in this case and (3) making a factual finding to justify the variance. See Regs., Conn. State Agencies § 46b-215a-3 (a).

Because the plaintiff's first claim on appeal challenges the factual bases of the financial orders rendered by the court at the time it dissolved the marriage, we review that claim under the abuse of discretion standard. "In fashioning its financial orders, the court has broad discretion, and [j]udicial review of a trial court's exercise of [this] broad discretion . . . is limited to the questions of whether the . . . court correctly applied the law and could reasonably have concluded as it did. . . . In making those determinations, we allow every reasonable presumption . . . in favor of the correctness of [the trial court's] action. . . . That standard of review reflects the sound policy that the trial court has the unique opportunity to view the parties and their testimony, and is therefore in the best position to assess all of the circumstances surrounding a dissolution action, including such factors as the demeanor and the attitude of the parties." (Internal quotation marks omitted.) *Farrell-Williams* v. *Williams*, 99 Conn. App. 453, 455, 913 A.2d 1136 (2007).

The plaintiff first claims that the court abused its discretion by deviating from the guidelines without first

making the requisite factual findings. Although the defendant does not dispute that the court failed to make these findings, he argues that this court must decline to review the financial orders because when a trial court does not state the basis of a decision and the appellant does not move for an articulation, the appellant fails to fulfill his or her responsibility to create a reviewable record. Under the particular facts of this case, we agree with the plaintiff.

"Our rules regarding the need to seek an articulation of the factual basis of the trial court's decision are well settled. It is the responsibility of the appellant to move for an articulation in order to clarify the basis of the trial court's decision should such clarification be necessary for effective appellate review of the issue on appeal." *Zahringer* v. *Zahringer*, 262 Conn. 360, 370, 815 A.2d 75 (2003). "It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . . In the absence of any such attempts, we decline to review this issue." (Internal quotation marks omitted.) *Grimm* v. *Grimm*, 276 Conn. 377, 388–89, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006); see also Practice Book §§ 61-10 and 66-5 (appellant responsible for clarifying record for issue on appeal; articulation proper to clarify factual basis of court's decision).

In reviewing the plaintiff's claim, we find it of particular significance that what she chiefly alleges to be improper is the *absence* in the court's decision of any of the specific findings of fact that the court was required to make before entering its financial orders. We agree with the defendant that our rules normally place the burden of moving for an articulation on the appellant "*should such clarification be necessary* for effective appellate review of the issue on appeal." (Emphasis added.) *Zahringer* v. *Zahringer*, supra, 262

Conn. 370. The record in the present case, however, is clear and unambiguous as to the absence of the findings that § 46b-215a-3 (a) required the court to make and, thus, is adequate for our review of the issue on appeal.

Indeed, our Supreme Court has expressly held that with respect to a related regulation requiring identical findings of fact in cases involving child support arrearage, it is an abuse of discretion for a court to deviate from the guidelines without making these findings. *Unkelbach* v. *McNary*, 244 Conn. 350, 367, 710 A.2d 717 (1998). As the court explained: "Section 46b-215a-3 (a) of the Regulations of Connecticut State Agencies employs language identical to the language of § 46b-215a-5 (a) in creating a rebuttable presumption that the amount of child support calculated through application of the guidelines is the amount that should be ordered. Both sections require that, in order to rebut the regulatory presumptions, the trial court make a 'specific finding on the record that the application of [the] guidelines would be inequitable or inappropriate in a particular case' and 'state the amount of support that would have been required under the guidelines and include a justification for the variance.'" Id., 368, citing *Favrow* v. *Vargas*, 231 Conn. 1, 647 A.2d 731 (1994). This language "requires the trial court 'first [to] determine on the record the amount of support indicated by the guidelines schedule' before determining whether to deviate from that amount. . . . [Our Supreme Court] conclude[d] that the identical language . . . must be interpreted in the same manner here." (Citation omitted.) *Unkelbach* v. *McNary*, supra, 369.

In both *Unkelbach* and *Favrow*, therefore, our Supreme Court did not place the burden to ensure a proper record for review of financial orders involving the child support guidelines solely on the appellant but also on the court itself. *"Requiring the trial court to determine the amount of the arrearage payment to be*

ordered pursuant to the guidelines before deciding whether and to what extent to deviate from the guidelines is appropriate because it will *facilitate appellate review* in those cases in which the trial court finds that a deviation is justified and will *enable an appellate court* to make a more informed decision on a claim that the amount of the deviation, rather than the fact of a deviation, constituted an abuse of discretion." (Emphasis added; internal quotation marks omitted.) Id., 370. In *Unkelbach*, "the trial court did not calculate the presumptively correct support order pursuant to the guidelines, did not make a specific finding on the record that application of the general rule would be inequitable or inappropriate under these circumstances, and did not include a justification for the variance. . . . [Our Supreme Court concluded] therefore, that the trial court's order . . . constituted an abuse of discretion." Id.

The record clearly shows that the court in the present case also deviated from the guidelines, did not calculate the presumptively correct support order pursuant to the guidelines, did not make a specific finding on the record that application of the general rule would be inequitable or inappropriate under these circumstances and did not include a justification for the variance. We conclude, therefore, that the court's order constituted an abuse of discretion.[3]

The plaintiff next claims that it was also an abuse of discretion for the court not to have imposed any of the sanctions available under Practice Book § 13-14 (a) on the defendant, despite having found that he had failed

---

[3] The defendant argues, in the alternative, that even if the court improperly failed to make the requisite factual findings, "any error on the part of the trial court is harmless" because the financial orders on remand would "likely" be the same. We do not agree. The parties do not dispute that the award deviated from the guidelines, and it would be premature for this court to determine whether that departure was lawful absent those findings.

to produce subpoenaed documents concerning a trust from which he and the parties' child had inherited $102,000. We need not address this claim, as the plaintiff did not move for sanctions at trial. Practice Book § 13-14 (a) provides in relevant part that "the judicial authority may, *on motion,* make such order as the ends of justice require." (Emphasis added.) "[E]xcept in exceptional circumstances, this court does not review claims that are not raised in the trial court." *Quickpower International Corp.* v. *Danbury,* 69 Conn. App. 756, 759, 796 A.2d 622 (2002).

The judgment is reversed solely as to the financial orders, and the case remanded for a new trial on all financial issues.

In this opinion the other judges concurred.