******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN RIGHI *v.* ALLISON RIGHI
(AC 38492)

DiPentima, C. J., and Mullins and Bishop, Js.

*Argued January 12—officially released April 25, 2017*

(Appeal from Superior Court, judicial district of
Hartford, Johnson, J. [dissolution judgment]; Albis, J.
[motion for modification].)

*Joseph E. Prokop*, for the appellant (plaintiff).

*Susan T. Pearlman*, for the appellee (defendant).

*Opinion*

BISHOP, J. This family law appeal requires us to analyze the statutory requirements necessary for a party to succeed on a postjudgment motion to modify, pursuant to General Statutes § 46b-86 (a). The plaintiff, John Righi, appeals from the judgment of the trial court granting the postjudgment motion of the defendant, Allison Righi, to modify a marital dissolution judgment child support order. On appeal, the plaintiff claims that the court (1) improperly granted the motion to modify after determining there had not been a substantial change in circumstances; and (2) erred by finding that the dissolution court, in creating the original child support order, failed to make a finding that applying the child support guidelines would be inequitable or inappropriate, pursuant to General Statutes §§ 46b-215b (a) and 46b-86 (a). We affirm the judgment of the trial court.

The following factual and procedural background is relevant to our consideration of the plaintiff's appeal. The plaintiff and the defendant were married on May 28, 2004, and had two children, one born in December, 2003, and one born in March, 2005. After an uncontested hearing, the marriage of the parties was dissolved on December 8, 2014. The court, *Johnson, J.*, incorporated the parties' separation agreement into the judgment of dissolution, which provided, inter alia, that the parties would share joint legal custody of the two minor children. Pursuant to the parties' agreement, the court ordered that the plaintiff's house would be the children's principal place of residence, though "the parties shall equally share parenting time . . . ." The agreement and order also provided that "[n]either party shall pay child support to the other party" and that "[t]his is a deviation from the child support guidelines based on the parties' shared parenting arrangement of shared physical custody and the best interests of the children."

At the dissolution hearing, both the plaintiff and the defendant testified that they believed this was a fair and equitable agreement and that it was in the best interests of their children. As for the presumptive child support amount pursuant to the child support guidelines, the court found that the defendant would have had to pay $111 per week to the plaintiff if the children primarily lived with the plaintiff, and the plaintiff would have had to pay $256 per week to the defendant if the children primarily lived with the defendant. When asked by the court why she was asking the court to deviate from the child support guidelines, the defendant testified that the defendant and the plaintiff "just decided fifty/fifty. . . . I'll take the costs [of the children] when they're with me, and [the plaintiff will] take the costs when they're with him." She also testified that each parent, while the children were in his or her custody, would be "responsible for the costs of feeding, educat-

ing, and entertaining the children." The court accepted the parties' agreement and stated: "In review of the agreement and the child support guidelines, the court feels the agreement is fair and equitable under all of the circumstances and in the best interests of the two minor children and will adopt the agreement as a final order of the court."

On August 7, 2015, the defendant filed a postjudgment motion to modify the child support order, claiming that since the dissolution judgment, there had been a substantial change in circumstances, and that she was "in need of financial help" and was no longer able to pay for one half of the children's expenses in addition to her bills. The court, *Albis, J.*, heard argument on this motion on September 1, 2015, during which the defendant testified that her circumstances had changed because she was anticipating that her rent would increase the following month; her hours at work did not increase, as she had anticipated they would; and the children's expenses had increased. The plaintiff opposed the defendant's motion to modify and testified that "nothing has really changed. . . . [The defendant is] just not managing her money very wisely."

The court issued a memorandum of decision on September 3, 2015, granting the defendant's motion. In its written decision the court stated: "The court finds that there has been no substantial change in circumstances since the entry of judgment on December 8, 2014. . . . However, the terms of the judgment providing for no child support payments to either party represent a substantial deviation from the child support guidelines. A review of the record of the proceedings on December 8, 2014, reveals no specific findings of the court that would preclude consideration of the defendant's request for modification of child support pursuant to § 46b-86 (a) . . . ." The court continued: "The presumptive weekly child support obligation of the plaintiff . . . as the parent with the higher net weekly income, is found to be $266 pursuant to the child support guidelines. . . . But the court finds that it would be inequitable or inappropriate to apply the presumptive guideline support amount in view of the parties' shared physical custody arrangement . . . ." The court ordered the plaintiff to pay weekly child support in the amount of $100 to the defendant.

Thereafter, the plaintiff filed a motion to reargue, claiming that the court should not have granted the defendant's motion to modify the child support order because it found there had not been a substantial change in circumstances. In denying the plaintiff's motion, the court stated: "[E]ven absent a substantial change in circumstances, § 46b-86 (a) . . . provides a second basis for modifying child support: that the prior order substantially deviated from the child support guidelines without a 'specific finding on the record that

the application of the guidelines would be inequitable or inappropriate.' In the present case, the court found that the prior order substantially deviated from the child support guidelines and that no such specific finding was made on the record. Therefore, the modification of the child support order was permitted by § 46b-86 (a) notwithstanding the prior agreement of the parties and the absence of a substantial change in circumstances." This appeal followed.

We begin by setting forth the relevant standard of review and legal principles. The plaintiff's claims, that the court did not have the authority to modify the child support order, require us to analyze the court's interpretation and application of § 46b-86 (a) to the facts of the case, and to determine whether the court acted in accordance with its authority. Accordingly, because our review requires an analysis of a legislative provision, and contrary to the plaintiff's assertions,[1] we employ a plenary standard of review. *Coury* v. *Coury*, 161 Conn. App. 271, 293, 128 A.3d 517 (2015) ("[O]ur deferential standard of review [in domestic relations cases] . . . does not extend to the court's interpretation of and application of the law to the facts. It is axiomatic that a matter of law is entitled to plenary review on appeal." [Internal quotation marks omitted.]).

Section 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent . . . support . . . may, at any time thereafter, be . . . modified by the court upon a showing of a substantial change in circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to [General Statutes §] 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . ."[2] We turn now to the plaintiff's claims.

I

The plaintiff argues first that the court should have denied the defendant's motion to modify because the defendant did not meet the statutory requirements for postjudgment modification pursuant to § 46b-86 (a). Specifically, the plaintiff argues that the court was required to find that there had been a substantial change in circumstances before it could modify the child support order, and, because it specifically found that there had *not* been a substantial change in circumstances, it improperly granted the defendant's motion to modify. This claim is wide of the mark.

Our case law is clear that § 46b-86 (a) creates two alternative circumstances in which a court can modify a child support order. "[Section] 46b-86 governs the modification of a child support order after the date of a dissolution judgment . . . [and] permits the court

to modify child support orders in *two alternative circumstances*." (Citation omitted; emphasis added; internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 491, 934 A.2d 306 (2007), cert. denied, 285 Conn. 911, 943 A.2d 472 (2008). Those circumstances are when there is "(1) a showing of a substantial change in the circumstances of either party *or* (2) a showing that the final order for child support substantially deviates from the child support guidelines absent the requisite findings." *Santoro* v. *Santoro*, 70 Conn. App. 212, 218, 797 A.2d 592 (2002).

Accordingly, this court specifically has held that "[a] court has the power to modify a child support order on the basis of a substantial deviation from the guidelines independent of whether there has been a substantial change in the circumstances of the party." (Internal quotation marks omitted.) *Weinstein* v. *Weinstein*, supra, 104 Conn. App. 495; see also *McHugh* v. *McHugh*, 27 Conn. App. 724, 728–29, 609 A.2d 250 (1992) ("[O]nce the court enters an order of child support that substantially deviates from the guidelines, and makes a specific finding that the application of the amount contained in the guidelines would be inequitable or inappropriate . . . that particular order is no longer modifiable solely on the ground that it substantially deviates from the guidelines. By the same token, in the absence of such a specific finding, the order is continually subject to modification on the ground of a substantial deviation from the guidelines." [Footnote omitted.]).

The court granted the defendant's motion to modify on the basis of the second modification criteria, that there was a substantial deviation from the child support guidelines without the requisite specific finding that application of the guidelines would be inequitable or inappropriate. Under these circumstances, it was not necessary for the court to find first that there had been a change in circumstances before granting the defendant's motion to modify. Accordingly, the court's interpretation of its statutory authority to modify the child support order under § 46b-86 (a), even absent a finding of substantial change in circumstances, was not in error.

II

The plaintiff next argues that the court's decision to grant the defendant's motion to modify on the stated basis that the court failed to make a specific finding that following the child support guidelines would be inequitable or inappropriate was erroneous because the dissolution court's finding that the agreement was fair and equitable was tantamount to a determination that application of the guidelines would be inequitable or inappropriate. In his brief, the plaintiff argues: "It is clear that the court, in finding the deviation from the child support guidelines fair and reasonable, must have concluded that given the shared parenting plan, the guideline amounts would have been unfair and inequita-

ble. Indeed, requiring an additional finding that the guideline amounts were unfair and inequitable after finding the deviation fair and reasonable would be redundant and an undue burden on the court." We are not persuaded.

In the exercise of our plenary standard of review, we first set forth the relevant legal principles applicable to our resolution of this claim. "The legislature has enacted several statutes to assist courts in fashioning child support orders. . . . The legislature also has provided for a commission to oversee the establishment of child support guidelines, which must be updated every four years, to ensure the appropriateness of child support awards . . . . General Statutes § 46b-215a." (Internal quotation marks omitted.) *Maturo* v. *Maturo*, 296 Conn. 80, 89–90, 995 A.2d 1 (2010). In support of the application of these guidelines, § 46b-215b (a) provides: "The . . . guidelines issued pursuant to [§] 46b-215a . . . shall be considered in all determinations of child support amounts . . . . In all such determinations, there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount to be ordered. *A specific finding on the record that the application of the guidelines would be inequitable or inappropriate* in a particular case . . . shall be required in order to rebut the presumption in such case." (Emphasis added.) This exception to the application of the presumptive guideline amount is reiterated in § 46b-86 (a), which governs the modifiability of support orders. Section 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent . . . support . . . may, at any time thereafter, be . . . modified by the court . . . upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to [§] 46b-215a, *unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . .*" (Emphasis added.)

Section 46b-215a-5c (a) of the Regulations of Connecticut State Agencies provides in relevant part: "The current support . . . contribution amounts calculated under [the child support guidelines] . . . are presumed to be the correct amounts to be ordered. The presumption regarding each such amount may be rebutted by a specific finding on the record that such amount would be inequitable or inappropriate in a particular case. . . . Any such finding shall state the amount that would have been required under such sections and include a factual finding to justify the variance. Only the deviation criteria stated in . . . subdivisions (1) to (6), inclusive, of subsection (b) of this section . . . shall establish sufficient bases for such findings."[3]

Our courts have interpreted this statutory and regula-

tory language as requiring three distinct findings in order for a court to properly deviate from the child support guidelines in fashioning a child support order: (1) a finding of the presumptive child support amount pursuant to the guidelines; (2) a specific finding that application of such guidelines would be inequitable and inappropriate; and (3) an explanation as to which deviation criteria the court is relying on to justify the deviation. See *Unkelbach* v. *McNary*, 244 Conn. 350, 370, 710 A.2d 717 (1998) ("the trial court did not calculate the presumptively correct support order pursuant to the guidelines, did not make a specific finding on the record that application of the general rule would be inequitable or inappropriate under these circumstances, and did not include a justification for the variance"); *Syragakis* v. *Syragakis*, 79 Conn. App. 170, 176–77, 829 A.2d 885 (2003) ("[s]ection 46b-215a-3 [now § 46b-215a-5c] of the Regulations of Connecticut State Agencies contains the deviation criteria . . . [and] provides that in addition to making a specific finding that following the guideline[s] would be inequitable or inappropriate, the court must state the amount that would have been required under the guidelines and the deviation criteria relied on by the court to justify [the] deviation"); *Barcelo* v. *Barcelo*, 158 Conn. App. 201, 215, 118 A.3d 657 ("The court in the present case failed to cite the presumptive support amount . . . and then did not invoke the defendant's earning capacity as a deviation criterion in calculating his child support obligation. It also did not explain why an obligation calculated in accordance with . . . the child support guidelines, would be inequitable or inappropriate . . . ."), cert. denied, 319 Conn. 910, 123 A.3d 882 (2015); *Wallbeoff* v. *Wallbeoff*, 113 Conn. App. 107, 113, 965 A.2d 571 (2009) ("the court in the present case also deviated from the guidelines, did not calculate the presumptively correct support order pursuant to the guidelines, did not make a specific finding on the record that application of the general rule would be inequitable or inappropriate under these circumstances and did not include a justification for the variance").

In the case at hand, the plaintiff argues that a court can satisfy the "specific finding" requirement by finding an agreement that deviates from the guidelines to be fair and equitable and that such a finding satisfies the requirement that the court make a specific finding that application of the guidelines would be inequitable or inappropriate. In short, the plaintiff asserts that the required specific finding can be implied from the court's other findings. The question we ultimately face, therefore, is whether the court correctly interpreted § 46b-86 (a) to require a court, pursuant to the "specific finding" language, to *explicitly state* that the application of the child support guidelines would be inequitable or inappropriate before deviating from the guidelines. "We approach this question according to well established

principles of statutory construction designed to further our fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *Fahy* v. *Fahy*, 227 Conn. 505, 512, 630 A.2d 1328 (1993).

The plain language of the statute suggests that a court must state explicitly on the record its specific finding that applying the guidelines would be inequitable or inappropriate. "The American Heritage College Dictionary (4th Ed. 2002) defines specific in relevant part as: 1. Explicitly set forth; definite." (Internal quotation marks omitted.) *Miller's Pond Co.*, *LLC* v. *New London*, 273 Conn. 786, 826, 873 A.2d 965 (2005). Furthermore, the legislative histories of §§ 46b-86 and 46b-215b are silent regarding the legislative intent behind the use of the phrase in § 46b-86 (a) requiring a "specific finding on the record that the application of the guidelines would be inequitable or inappropriate." We can find no justification in that history, therefore, for not applying the phrase's plainly stated requirement. See *Fahy* v. *Fahy*, supra, 227 Conn. 513. In light of the statute's plain language and in the absence of any countervailing legislative history, we conclude that the enactment's "specific finding" requirement must be stated explicitly by the court and cannot be inferred merely from the court's determination that deviation from the guidelines is fair and equitable.

Though we had not, until now, specifically determined that the language of §§ 46b-215b and 46b-86 required an explicit finding that application of the guidelines would be "inequitable or inappropriate" before deviating from the guidelines, we find instructive past decisions in which this court has looked for such talismanic language signifying an explicit finding in determining whether a court properly deviated from the child support guidelines. See *Syragakis* v. *Syragakis*, supra, 79 Conn. App. 177 (affirming court's determination that the dissolution court, in fashioning a child support order, properly deviated from the guidelines because it "made all the necessary findings . . . to rebut the presumption that the amount of support provided for under the child support guidelines was correct" when it stated on the record the presumptive amount under the guidelines, specified which deviation criteria it was using, and stated that the guidelines amount "would be inequitable or inappropriate in this particular case"); *Castro* v. *Castro*, 31 Conn. App. 761, 766–67, 627 A.2d 452 (1993) (affirming court's determination that the dissolution court, in fashioning a child support order, properly deviated from the guidelines

because it "made a specific finding that the application of the guidelines would be inequitable in this case" when it specifically stated "it would be inequitable to follow the guidelines under these circumstances" and based that determination "on two of the deviation criteria set forth in the guidelines"); *Fish* v. *Igoe*, 83 Conn. App. 398, 409–10, 849 A.2d 910 (affirming court's denial of a motion to modify because the magistrate properly deviated from the guidelines when it found the presumptive amount of child support, stated that it would deviate from the guidelines "because to do otherwise would be inequitable and inappropriate," and based its decision on deviation criteria), cert. denied, 271 Conn. 921, 859 A.2d 577 (2004); *Pagliaro* v. *Jones*, 75 Conn. App. 625, 641, 817 A.2d 756 (2003) (affirming court's support order that deviated from the child support guidelines because "[t]he court properly made deviations . . . in response to findings that the contributions by [the plaintiff] caused an extraordinary reduction in the plaintiff's living expenses and that, under those circumstances, it would be inequitable and inappropriate not to order a downward deviation"). Further support for requiring such talismanic language comes from previous decisions in which this court has recognized that such a specific finding is a "rigorous requirement"; *Fox* v. *Fox*, 152 Conn. App. 611, 639, 99 A.3d 1206, cert. denied, 314 Conn. 945, 103 A.3d 977 (2014); and "*has very real and meaningful consequences* . . . ." (Emphasis added.) *McHugh* v. *McHugh*, supra, 27 Conn. App. 729.[4]

Accordingly, in order to deviate properly from the child support guidelines in fashioning a child support order, the court must fulfill each of the statutory requirements for deviation from the guidelines and that obligation includes a specific finding on the record that application of the guidelines would be inequitable or inappropriate given the circumstances of the case. Absent such a finding, the order is modifiable pursuant to § 46b-86 (a) because the "final order for child support substantially deviates from the child support guidelines . . . ." *Santoro* v. *Santoro*, supra, 70 Conn. App. 218.

In sum, in the present case, the court's child support order substantially deviated from the child support guidelines, and the record is devoid of any specific finding on the record by the court that following the guidelines would be inequitable or inappropriate. Although we agree with the plaintiff that the court did make a specific finding on the record that the agreement created by the parties, which substantially deviated from the child support guidelines, was "fair and equitable," that is insufficient to satisfy the clear mandates of § 46b-86 (a) requiring that the court make a "specific finding" that application of the guidelines would be inequitable or inappropriate in this situation. Because the court failed to make the required specific finding, the child support order was modifiable, despite the fact

that the court had found there had not been a substantial change in circumstances. Accordingly, the court correctly interpreted the requirements of § 46b-86 (a) to the facts of the case and acted within its statutory authority to modify the child support order.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff argues in his brief that the court's findings of fact are at issue, and, therefore, are subject to the clearly erroneous standard of review. The plaintiff also argues that the court's granting of the defendant's motion should be reviewed under an abuse of discretion standard. We disagree with the plaintiff's assertion regarding our standard of review because in both claims, the plaintiff questions the court's authority to grant a modification and not the amount ordered. Since the court's authority stems from legislation and our task is to assess the meaning of the legislation, our review is plenary. *Coury* v. *Coury*, 161 Conn. App. 271, 293, 128 A.3d 517 (2015).

[2] General Statutes § 46b-86 (a) further states: "There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial." Neither the plaintiff nor the defendant argues that the court's deviation from the child support guidelines in making its original child support order was not substantial. In fact, at oral argument, the plaintiff admitted that there was "no question" that the deviation was substantial.

[3] The criteria enumerated in § 46b-215a-5c (b) of the regulations are: "(1) Other financial resources available to a parent . . . (2) [e]xtraordinary expenses for care and maintenance of the child . . . (3) [e]xtraordinary parental expenses . . . (4) [n]eeds of a parent's other dependents . . . (5) [c]oordination of total family support . . . [and] (6) [s]pecial circumstances . . . ." Shared physical custody is considered a "special circumstance" that justifies deviation when "(i) such arrangement substantially: (I) reduces expenses for the child, for the parent with the lower net weekly income, or (II) increases expenses for the child, for the parent with the higher net weekly income; and (ii) sufficient funds remain for the parent receiving support to meet the needs of the child after deviation; or (iii) both parents have substantially equal income." Id., § 46b-215a-5c (b) (6) (A). The "[b]est interests of the child" is also considered a special circumstance that justifies deviation. Id., § 46b-215a-5c (b) (6) (D).

[4] We recognize that in other circumstances, we have found that the use of talismanic words is not required where a court's memorandum of decision contains all of the necessary findings to support the court's conclusion. See *Pullman, Comley, Bradley & Reeves* v. *Tuck-it-Away, Bridgeport, Inc.*, 28 Conn. App. 460, 464, 611 A.2d 435 (court's memorandum of decision contained "all of the necessary subordinate findings to support the conclusion that [the defendant] had anticipatorily breached the contract as claimed at trial by [another defendant], even though it did not, in fact, use the talismanic words 'anticipatory breach' "), cert. denied, 223 Conn. 926, 614 A.2d 825 (1992); *Nielsen* v. *Wisniewski*, 32 Conn. App. 133, 139, 628 A.2d 25 (1993) (a finding of "wrongful conduct" was sufficient to affirm an award of punitive damages pursuant to General Statutes § 42-110g). Here, however, requiring that the court, before deviating from the child support guidelines, explicitly state that the application of the guidelines would be inequitable or inappropriate is supported by the plain language of the statute requiring a "specific finding," as well as our previous case law recognizing the importance of such a finding. See *McHugh* v. *McHugh*, supra, 27 Conn. App. 728–29; *Fox* v. *Fox*, supra, 152 Conn. App. 639.