******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JENNIFER MOORE *v.* JUSTIN MOORE
(AC 44278)

Elgo, Moll and Suarez, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the judgment of the trial court denying his postjudgment motion to modify alimony and child support. At the time of dissolution, the dissolution court deviated from the child support guidelines and did not award child support to either party, concluding that it was in the best interests of the minor children and the parents that no child support be awarded. The defendant's motion for modification claimed that modification of the alimony and child support orders was warranted because the circumstances between the parties had changed substantially because the marital home had been sold, the parties were no longer cohabitating, and the parties' income and expenses had changed, and, additionally, that the parties' current circumstances warranted child support to be paid per the child support guidelines. *Held*:

1. The trial court improperly denied the defendant's motion to modify the child support order solely on the basis that it did not find a substantial change in circumstances, that court having failed to address the defendant's additional and distinct claim as to whether the motion should be granted on the ground that the child support order substantially deviated from the child support guidelines in the absence of the requisite findings: in issuing its child support order, the dissolution court acknowledged that it was deviating from the child support guidelines but did not make an explicit finding that applying the presumptive amount as provided by the guidelines would be inequitable or inappropriate and, in the absence of a specific finding that a deviation was inequitable or inappropriate, the child support order was continually subject to modification on the ground that it substantially deviated from the guidelines; in the present case, the court should have determined the presumptive amount, thereafter determined whether it would have been inequitable or inappropriate to rely on that amount and, if so, explained which deviation criteria the court was relying on in order to justify its deviation; accordingly, the case was remanded for the purpose of holding a new hearing on the motion with respect to the modification of child support.

2. The defendant could not prevail on his claim that the trial court improperly denied his motion to modify the alimony order, which was based on his claim that the court erred in concluding that he had not proven a substantial change in circumstances: the court, having found that, since the dissolution, the marital home had been sold, as had been anticipated by the court at the time of the dissolution, the parties' financial circumstances had not significantly changed, and, although the parties' incomes had fluctuated since the dissolution, there had not been a substantial change in circumstances as contemplated by the applicable statute (§ 46b-86), properly concluded that the alleged change in circumstances did not warrant modification.

Argued March 7—officially released October 25, 2022

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Gould, J.*, rendered judgment dissolving the marriage and granting certain other relief; thereafter, the court, *Gould, J.*, denied the defendant's motion to modify alimony and child support; subsequently, the court, *Gould, J.*, denied the defendant's motion for reargument and reconsideration, and the defendant appealed to this court. *Reversed*

*in part; further proceedings.*

   *Richard W. Callahan,* for the appellant (defendant).

   *Jennifer Moore,* self-represented, the appellee (plaintiff).

*Opinion*

SUAREZ, J. The defendant, Justin Moore, appeals from the judgment of the trial court denying his post-judgment motion to modify the alimony and child support orders that were entered following the dissolution of his marriage to the self-represented plaintiff, Jennifer Moore. On appeal, the defendant argues that the court improperly denied his motion to modify these orders. We agree with the defendant that the court improperly denied his motion insofar as he sought a modification of the child support order and, accordingly, reverse the judgment of the court with respect to this claim and remand the case for a new hearing with respect to the motion to modify the child support order. With respect to the court's denial of the motion insofar as the defendant sought a modification of the alimony order, we affirm the judgment of the court.

The following facts, as found by the court or as undisputed in the record, and procedural history are relevant to this appeal. The plaintiff and the defendant were married on July 27, 2002. During the marriage, the plaintiff and the defendant had three children. On June 1, 2018, the plaintiff commenced a dissolution action against the defendant. On November 7, 2019, following a hearing at which both parties were self-represented, the dissolution court dissolved the marriage of the parties and issued orders from the bench. In so doing, the dissolution court made several factual findings. The dissolution court found, inter alia, that the plaintiff was employed at Sikorsky Aircraft earning $2346 per week. The dissolution court also found that the defendant owned a painting and power washing business from which he earned $1000 per week.

The dissolution court subsequently issued the following orders: "The parties shall have joint legal custody of the minor children. They shall have shared residential custody. The primary address for school purposes will be with the plaintiff . . . .

"The court adopts the proposed parenting agreement of the defendant, which is dated November 7, 2019, and incorporates that herein.

"The court will deviate from an award for child support due to the shared custodial arrangements, such that no child support will be awarded at this time. The court notes that the statutory guidelines would call for a numerical award. The court believes it's in the best interest of the minor children and in the best interest of the parents that no child support be awarded for the reasons indicated, and shall deviate therefrom. . . .

"The plaintiff shall provide health insurance for the minor children. Any unreimbursed medical and/or extracurricular activity expenses shall be paid in the following manner: 76 percent by the plaintiff; 24 percent by the defendant.

"The parties shall alternate tax credits for the minor children with the plaintiff taking the odd years, [the] defendant taking the even years, starting with the tax year 2019 . . . .

"The plaintiff is ordered to pay $100 per week [in] alimony to the defendant for a period of seven years. That is nonmodifiable as to duration. It is modifiable as to amount.

"The marital residence is located at 54 Monroe Street in Shelton, Connecticut. It has a current value of $290,000. It is encumbered by a mortgage in the amount of $248,000, yielding equity in the amount of approximately $42,000.

"The parties may remain in the residence until the closing. . . .

"The property shall be listed at $314,000. And when sold, the proceeds will be split between the parties.

"Each party shall keep his or her individual bank accounts, retirement accounts, and shall be solely responsible for their own liabilities, as listed in their respective financial affidavits, and shall hold harmless and indemnify the other regarding each.

"The plaintiff shall retain the 2013 Yukon; the defendant shall retain the 2016 Dodge, each holding the other harmless and indemnifying the other from any and all expenses and claims regarding those vehicles.

"Each party shall maintain life insurance in the amount of $300,000 per year, naming the children as beneficiaries. Proof of insurance shall be exchanged by the parties each year.

"The defendant shall maintain 100 percent interest in his business, and shall hold harmless and indemnify the plaintiff therefrom." The court ultimately ordered that the marriage of the parties be dissolved.

Following the sale of the marital residence pursuant to the judgment, the plaintiff moved to Seymour in order to reside at her parents' vacant home. The defendant rented a residence in Shelton.

On July 6, 2020, the defendant filed a postjudgment motion for modification requesting that the court (1) designate his address as the children's primary residence for school purposes, (2) order that the plaintiff pay the defendant weekly child support pursuant to the child support guidelines, and (3) increase the plaintiff's weekly alimony payment to the defendant. The defendant claimed that modification of the alimony and child support orders was warranted because the circumstances between the parties had "changed substantially" since the time of the dissolution because the marital home had been sold, the parties were no longer cohabitating, and the parties' incomes and expenses had changed. Beyond relying on changed circum-

stances, the defendant claimed that "[t]he current circumstances warrant child support to be paid per the [child support] guidelines . . . ."

On August 17, 2020, the court held a remote hearing on the defendant's motion for modification. At the hearing, the parties addressed only the modification of alimony and child support because the issue of the primary residence of the children had been resolved by the plaintiff's purchase of a home. At the conclusion of the hearing, the court stated that it had listened carefully to the sworn testimony of the parties, was aware of the statutory requirements regarding the motions for modification, and had reviewed the documentation, including but not limited to the financial affidavits filed by the parties. The court concluded that it could not "find a substantial change in circumstances." The court then denied the defendant's motion for modification from the bench. On that same day, the court also issued a written order in which the court stated that it was denying the motion because it did not find a substantial change in circumstances.

On August 20, 2020, the defendant filed a motion to reargue or reconsider the court's denial of the motion to modify the child support order. Therein, the defendant again argued that the evidence established a substantial change in circumstances. Alternatively, the defendant argued that, in its denial of the motion for modification of child support, the court failed to address the issue of whether modification was warranted because the support order entered on November 7, 2019, substantially deviated from the child support guidelines and that the dissolution court, in entering the support order, failed to make findings on the record related to the deviation, as required by law. The court summarily denied the defendant's motion to reargue or reconsider on September 1, 2020. This appeal followed.[1]

On October 26, 2020, after this appeal was filed, the defendant, pursuant to Practice Book § 64-1,[2] moved for the trial court to issue a memorandum of decision concerning the denial of his motion for modification. On November 5, 2020, the court issued a memorandum of decision.

On December 4, 2020, the defendant sought an articulation from the court as to its findings of fact and legal conclusions, which the court summarily denied on December 9, 2020. Among the requests for articulation, the defendant asked the court to explain "what facts supported the trial [court's] decision to not order child support in accordance with the guidelines on August 17, 2020, when it heard the defendant's postjudgment motion to modify . . . ." The defendant also noted that, in his motion to reargue or reconsider, he had again relied on what he believed to be an improper deviation from the guidelines, and argued that this issue had not been addressed by the court.

The defendant then filed with this court a motion for review of the court's denial of his motion for articulation pursuant to Practice Book § 66-7.[3] In his motion for review, the defendant argued, in part, that he was entitled to relief because the court, in denying the motion for modification of child support, had not addressed his argument that modification was proper because the child support order issued by the dissolution court improperly deviated from the child support guidelines. This court granted the motion for review and ordered the trial court "to articulate with respect to its . . . denial of the [defendant's] motion for modification . . . by stating the factual basis for its finding that there was no substantial change in circumstances, including therein a discussion of the evidence put forth by the parties . . . ."

On September 22, 2021, the trial court issued an articulation of its memorandum of decision pursuant to this court's order. In that articulation, the court stated that "[t]he defendant's instant motion to modify the alimony order alleges a substantial change in circumstances, pursuant to the requirements of . . . General Statutes § 46b-86 . . . .

"Within his motion, the defendant . . . alleged that the substantial change in circumstances included the fact that the parties' marital home was sold, the parties no longer live together, the plaintiff's income has increased and her expenses have decreased, the defendant's income is more inconsistent and unstable and his expenses have increased.

"Thus, the defendant requested an increase in the plaintiff's alimony order and an order of child support pursuant to the state guidelines.

"At the time of their dissolution, the plaintiff had gross weekly income of $2346, and net weekly income of $1763; and the defendant had gross weekly income of $1000, and net weekly income of $827, according to the parties' financial affidavits filed at the time. The presumptive weekly child support at the time was $460 for the plaintiff, and $216 for the defendant.

"In addition, the plaintiff alleged weekly expenses in the amount of $1475, and the defendant alleged weekly expenses in the amount of $650, including $600 to the plaintiff for a share of the expenses on their marital residence.

"At the time of the instant hearing, the defendant, a house painter, had gross weekly income of $629, and net weekly income of $554. In addition, he had weekly expenses in the amount of $949. He lost some work due to circumstances surrounding the [COVID-19] pandemic. Since the time of the original order, he also received a total of $13,000 from the sale of the parties' marital residence. The plaintiff did not receive any money from the sale of that residence. The plaintiff, at

the time of the instant hearing, had gross weekly income of $2388, and net weekly income of $1644. In addition, she had weekly expenses in the amount of $1904. In addition, the parties were continuing with their shared custodial arrangement regarding their minor children.

"In determining whether there has been a substantial change in circumstances, a court is permitted to compare the circumstances at the time of the last court order of alimony with [the] circumstances at the time that a party seeks a modification of that order. Relatively minor fluctuations in income alone will not be enough to overcome the substantial change in circumstances threshold.

"Even where the court finds a substantial change in circumstances, it must then consider the statutory criteria in . . . General Statutes § 46b-82 in determining whether a modification is warranted. However, its inquiry is necessarily confined to a comparison between the current conditions and the last court order. To permit the trial court to reconsider all evidence dating from before the original divorce proceedings, in determining the adjustment of alimony, would be, in effect, to undermine the policy behind the well established rule of limiting proof of the substantial change in circumstances to events occurring subsequent to the latest alimony order—the avoidance of relitigating matters already settled. . . .

"A comparison of the defendant's financial affidavit at the time of the dissolution and original alimony and child support orders, in addition to the testimony of the parties at the instant hearing, shows that the defendant's net weekly earnings decreased from $827 to $554, while, at the same time, he received $13,000 from the sale of the marital residence. Further, as noted above, the parties continue to have shared residential custody of their minor children.

"For the foregoing reasons, the court finds that there has not been a substantial change in circumstances as contemplated by . . . [§] 46b-86. Further, even if the court were to find a substantial change in circumstances, a review of the statutory criteria in . . . [§] 46b-82, as applied to the plaintiff and the defendant in the instant case, does not warrant modification." (Citation omitted; internal quotation marks omitted.)

Before turning to the defendant's claims, we set forth the standard of review that applies. "[W]e will not disturb the trial court's ruling on a motion for modification of alimony or child support unless the court has abused its discretion or reasonably could not conclude as it did, on the basis of the facts presented. . . . Furthermore, [t]he trial court's findings [of fact] are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous

when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *Budrawich* v. *Budrawich*, 200 Conn. App. 229, 245–46, 240 A.3d 688 (2020), cert. denied, 336 Conn. 909, 244 A.3d 561 (2021). "In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Trial courts have broad discretion in deciding motions for modification." (Internal quotation marks omitted.) *Giordano* v. *Giordano*, 200 Conn. App. 130, 135, 238 A.3d 113, cert. denied, 335 Conn. 970, 240 A.3d 286 (2020).

I

The defendant first claims that the court erred in denying his motion for modification of the child support order. Specifically, the defendant argues that the court erred in (1) concluding that there was not a substantial change in circumstances and (2) not modifying the order based on the fact that the dissolution court substantially deviated from the presumptive child support amount without making the requisite findings. We agree with the defendant that the court did not properly consider his motion for modification because it did not address whether the motion should be granted on the ground that the child support order substantially deviated from the guidelines in the absence of the requisite accompanying findings.[4]

Before turning to the merits of the defendant's claim, we discuss some governing legal principles. Although, as we stated previously in this opinion, the trial court is vested with broad discretion in domestic relations matters, with respect to child support "the parameters of the court's discretion have been somewhat limited by the factors set forth in the child support guidelines." (Internal quotation marks omitted.) *Colbert* v. *Carr*, 140 Conn. App. 229, 240, 57 A.3d 878, cert. denied, 308 Conn. 926, 64 A.3d 333 (2013). General Statutes § 46b-84 (a) provides in relevant part that "the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, if the child is in need of maintenance. . . ." General Statutes § 46b-215a provides in relevant part for a commission to oversee the establishment of child support guidelines, which must be updated every four years, in order "to ensure the appropriateness of criteria for the establishment of child support awards . . . ." "In support of the application of these guidelines, [General Statutes] § 46b-215b (a) provides: 'The . . . guidelines issued pursuant to [§] 46b-215a . . . shall be considered in all determinations of child support amounts . . . . In all such determinations, there shall be a rebuttable presumption that

the amount of such awards which resulted from the application of such guidelines is the amount to be ordered. *A specific finding on the record that the application of the guidelines would be inequitable or inappropriate* in a particular case . . . shall be required in order to rebut the presumption in such case.' . . . This exception to the application of the presumptive guideline amount is reiterated in § 46b-86 (a), which governs the modifiability of support orders. Section 46b-86 (a) provides in relevant part: '[A]ny final order for the . . . payment of . . . support . . . may, at any time thereafter, be . . . modified by the court . . . upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to [§] 46b-215a, *unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate.*' " (Emphasis in original.) *Righi* v. *Righi*, 172 Conn. App. 427, 435–36, 160 A.3d 1094 (2017).

Moreover, "[§] 46b-215a-5c (a) of the Regulations of Connecticut State Agencies provides in relevant part: 'The current support . . . contribution amounts calculated under [the child support guidelines] . . . are presumed to be the correct amounts to be ordered. The presumption regarding each such amount may be rebutted by a specific finding on the record that such amount would be inequitable or inappropriate in a particular case. . . . Any such finding shall state the amount that would have been required under such section and include a factual finding to justify the variance. Only the deviation criteria stated in . . . subdivisions (1) to (6), inclusive, of subsection (b) of this section . . . shall establish sufficient bases for such findings.'[5]

"Our courts have interpreted this statutory and regulatory language as requiring three distinct findings in order for a court to properly deviate from the child support guidelines in fashioning a child support order: (1) a finding of the presumptive child support amount pursuant to the guidelines; (2) a specific finding that application of such guidelines would be inequitable and inappropriate; and (3) an explanation as to which deviation criteria the court is relying on to justify the deviation." (Citation omitted; footnote in original.) Id., 436–37.

"Absent such a finding, the order is modifiable pursuant to § 46b-86 (a) because the final order for child support substantially deviates from the child support guidelines . . . ." (Internal quotation marks omitted.) Id., 441. "[O]nce the court enters an order of child support that substantially deviates from the guidelines, and makes a specific finding that the application of the amount contained in the guidelines would be inequitable or inappropriate, as determined by the application of the deviation criteria established in the guidelines, that particular order is no longer modifiable solely on

the ground that it substantially deviates from the guidelines. By the same token, in the absence of such a specific finding, the order is continually subject to modification on the ground of a substantial deviation from the guidelines. Such specific finding, therefore, has very real and meaningful consequences and must be made by the court anytime the court enters a child support award that deviates from the child support guidelines." (Footnote omitted.) *McHugh* v. *McHugh*, 27 Conn. App. 724, 728–29, 609 A.2d 250 (1992).

This court's decision in *Righi* v. *Righi*, supra, 172 Conn. App. 427, is instructive. In *Righi*, the facts of which are similar to the present case, the dissolution court found that, as for the presumptive child support amount pursuant to the guidelines, "the defendant would have had to pay $111 per week to the plaintiff if the children primarily lived with the plaintiff, and the plaintiff would have had to pay $256 per week to the defendant if the children primarily lived with the defendant." Id., 429. After noting the presumptive amount of child support, the dissolution court, at the request of the defendant, deviated from the presumptive amount and ordered that neither party pay child support to the other. See id., 429–30. The dissolution court did not expressly find that applying the presumptive amount would be inequitable or inappropriate under the circumstances. Id. The dissolution court noted that it felt that "the agreement is fair and equitable under all the circumstances and in the best interests of the two minor children . . . ." (Internal quotation marks omitted.) Id., 430.

The defendant in *Righi* subsequently filed a postjudgment motion to modify the child support order on the ground that, since the time that the dissolution judgment was rendered, there had been a substantial change in circumstances. Id. The court found that there had not been a substantial change in circumstances since the time the dissolution judgment was rendered but nevertheless granted the motion for modification. Id. The court noted that the original order, which did not provide for any child support payments to either party, represented a substantial deviation from the child support guidelines. Id., 430–31. The court also noted that the dissolution court did not make a finding as to whether it would be inequitable or inappropriate to apply the presumptive guidelines support amount. Id., 431. Even though the defendant requested a modification on the basis of a substantial change in circumstances, the court instead granted the modification on the basis of the dissolution court's substantial deviation from the child support guidelines. See id., 430–31.

On appeal, the plaintiff in *Righi* claimed that the court (1) had improperly granted the defendant's motion to modify child support after determining that there had not been a substantial change in circumstances, and

(2) had erred by finding that the dissolution court, in creating the original child support order, failed to make a finding that applying the presumptive support amount set forth in the child support guidelines would be inequitable or inappropriate in light of the fact that the dissolution court found that the agreement was "fair and equitable . . . ." Id., 428–29, 434. First, this court held that the trial court was not required to find a substantial change in circumstances in order to grant the defendant's motion to modify child support because a court has the power to modify a child support order on the basis of a substantial deviation from the guidelines, independent of whether there has been a substantial change in the circumstances of the parties. See id., 433–34. Second, this court held that, in order to properly deviate from the child support guidelines, the court must make an *explicit* finding that following the guidelines in a given case would be inequitable or inappropriate. See id., 434–41.

It is not in dispute that, in its November 7, 2019 oral decision, the dissolution court stated that "[t]he court will deviate from an award for child support due to the shared custodial arrangements, such that no child support will be awarded at this time. The court notes that the statutory guidelines would call for a numerical award. The court believes it's in the best interest of the minor children and in the best interest of the parents that no child support be awarded for the reasons indicated, and shall deviate therefrom." Although the dissolution court, in issuing the child support order, acknowledged that it was deviating from the child support guidelines for the reasons stated, it did not make an explicit finding that, in the present case, applying the presumptive amount as provided by the guidelines would be inequitable or inappropriate.[6]

When the court in the present case considered the defendant's motion to modify child support, it denied the motion solely on the basis that it did not find a substantial change in circumstances. In so doing, it failed to address the defendant's additional and distinct claim with respect to the propriety of child support relative to the guidelines. As we explained in our discussion of the procedural history of this case, this issue was raised by the defendant in his motion to modify, his motion to reargue or reconsider, his motion for articulation, and his motion for review. In the absence of a specific finding that a deviation is inequitable or inappropriate, as determined by the deviation criteria established in the guidelines, the child support order was continually subject to modification on the ground that it substantially deviates from the guidelines. See *Righi* v. *Righi*, supra, 172 Conn. App. 433–41; *McHugh* v. *McHugh*, supra, 27 Conn. App. 728–29. Accordingly, we conclude that it was improper for the court to fail to consider, as the defendant alleged, whether modification was warranted on the ground that the child support

order deviated from the presumptive amount as determined by the guidelines, in the absence of the requisite findings. The court should have determined the presumptive amount and, thereafter, specifically and explicitly determined whether it would have been inequitable or inappropriate to rely on that amount and, if so, explained which deviation criteria the court was relying on to justify its deviation. Because the court failed to do so, we conclude that it abused its discretion in denying the defendant's motion for modification with respect to child support. The proper remedy is for this court to reverse the judgment in part and remand the case for the purpose of holding a new hearing on the motion for modification of child support.

## II

The defendant next claims that the court erred in denying his motion to modify the alimony order. Specifically, the defendant argues that the court erred in concluding that he had not proven a substantial change in circumstances to warrant modification. We are not persuaded.

We begin by setting forth the applicable legal principles. "[Section] 46b-86 governs the modification or termination of an alimony or support order after the date of a dissolution judgment. When, as in this case, the disputed issue is alimony . . . the applicable provision of the statute is § 46b-86 (a), which provides that a final order for alimony may be modified by the trial court upon a showing of a substantial change in the circumstances of either party. . . . Under that statutory provision, the party seeking the modification bears the burden of demonstrating that such a change has occurred. . . . To obtain a modification, the moving party must demonstrate that circumstances have changed since the last court order such that it would be unjust or inequitable to hold either party to it. Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. . . .

"Once a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determine an initial award of alimony . . . are relevant to the question of modification. . . . More specifically, these criteria, outlined in . . . § 46b-82, require the court to consider the needs and financial resources of each of the parties and their children, as well as such factors as the causes for the dissolution of the marriage and the age, health, station, occupation, employability and amount and sources of income of the parties. . . . The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided . . . or to allow the parties to use a motion to modify as an appeal. . . . Rather, the trial

court's discretion includes only the power to adapt the order to some distinct and definite change in the circumstances or conditions of the parties. . . .

"Thus, [w]hen presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the § 46b-82 criteria, make an order for modification. . . . The court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties." (Internal quotation marks omitted.) *Budrawich* v. *Budrawich*, supra, 200 Conn. App. 246–47.

"Because the establishment of changed circumstances is a condition precedent to a party's relief, it is pertinent for the trial court to inquire as to what, if any, new circumstance warrants a modification of the existing order. In making such an inquiry, the trial court's discretion is essential." (Internal quotation marks omitted.) *Dan* v. *Dan*, 315 Conn. 1, 9, 105 A.3d 118 (2014). "A conclusion that there has been a substantial change in financial circumstances justifying a modification of alimony based only on income is erroneous; rather, the present overall circumstances of the parties must be compared with the circumstances existing at the time of the original award to determine if there has been a substantial change." (Internal quotation marks omitted.) *O'Donnell* v. *Bozzuti*, 148 Conn. App. 80, 87–88, 84 A.3d 479 (2014).

After a careful review of the record, we conclude that the court did not abuse its broad discretion when it determined that there had not been a substantial change in the parties' circumstances since the last court order. In the present case, the last court order was the judgment of the dissolution, which was rendered on November 7, 2019. At that time, the dissolution court ordered that the parties would have joint custody of the children, ordered that the marital home be sold and that the parties may reside together until the marital home was sold, and ordered alimony to be paid from the plaintiff to the defendant in the weekly amount of $100.

In his motion for modification dated July 6, 2020, the defendant asserted that there was a substantial change in circumstances since the dissolution of the parties' marriage in November, 2019, because the marital home had been sold, the parties no longer cohabitated, and the parties' income and expenses had changed. In its September 2, 2021 articulation, the court found that the marital home had been sold, as was anticipated by the court at the time of the dissolution on November 7, 2019, and that the parties continued to share residential custody of their minor children. The court further found

that the parties' financial circumstances had not significantly changed since the time of the dissolution, approximately eight months earlier. Specifically, the court found that at the time of the dissolution, the plaintiff had a gross weekly income of $2346 and a net weekly income of $1763. The defendant had a gross weekly income of $1000 and a net weekly income of $827. At that time, the plaintiff had weekly expenses in the amount of $1475, and the defendant had weekly expenses in the amount of $650, $600 of which was paid to the plaintiff for the shared expenses of the marital residence. At the time of the hearing on the motion for modification, the plaintiff had a gross weekly income of $2388 and a net weekly income of $1644. In addition, she had weekly expenses in the amount of $1094. At the time of the hearing on the motion for modification, the defendant's income had decreased. He then had a gross weekly income of $629 and a net weekly income of $554. He also had weekly expenses in the amount of $949. The court noted that some of the loss of the defendant's income was attributable to a loss of work during the COVID-19 pandemic.

Although, since the time of dissolution, the defendant's net weekly earnings decreased from $827 to $554, he also received $100 weekly in alimony. The court found that, although there was a fluctuation in the parties' incomes since the time of the dissolution, there had not "been a substantial change in circumstances as contemplated by . . . [§] 46b-86." Moreover, even though the court did not find a substantial change in circumstances, it nevertheless reviewed the statutory criteria set forth in § 46b-86, and concluded that the alleged change in circumstances as applied to the plaintiff and the defendant in the present case did not warrant modification.

On appeal, the defendant argues that, "[l]egally, the undisputed facts constitute a substantial change in circumstances." Beyond referring to the undisputed facts, the defendant does not cite to any legal authority that is tailored to the present or similar facts in support of this bald legal assertion. To the contrary, our review of relevant precedent reflects that there is no rigid mathematical formula for us to follow in order to determine whether a change in circumstances is significant enough to warrant consideration of the factors set forth in § 46b-86. See, e.g., *Schwarz* v. *Schwarz*, 124 Conn. App. 472, 477–79, 5 A.3d 548, cert. denied, 299 Conn. 909, 10 A.3d 525 (2010); *Crowley* v. *Crowley*, 46 Conn. App. 87, 93–95 n.9, 699 A.2d 1029 (1997). Having reviewed the record and the court's ruling, and allowing every reasonable presumption to be made in support of the court's determination, we are not persuaded that the court could not reasonably conclude, as it did, that the change in the parties' circumstances did not amount to a substantial change warranting consideration of the factors set forth in § 46b-86. The court applied the cor-

rect legal standard and did not abuse its discretion by denying the motion to modify the alimony order.

The judgment is reversed only as to the denial of that portion of the defendant's motion for modification seeking to modify child support and the case is remanded for a new hearing on the defendant's motion for modification with respect to the child support order; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] In addition to the defendant's claims with respect to the motion for modification, the defendant also argues on appeal that the court erred in denying his motion for reargument or reconsideration. Because we ultimately reverse the judgment of the court denying the defendant's motion for modification of child support and remand the case for a new hearing thereon, we need not separately address the defendant's claim with respect to the motion for reargument or reconsideration.

[2] Practice Book § 64-1 (a) provides in relevant part: "The trial court shall state its decision either orally or in writing . . . in making any . . . rulings that constitute a final judgment for purposes of appeal under Section 61-1, including those that do not terminate proceedings. The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. . . ."

[3] Practice Book § 66-7 provides in relevant part: "Any party aggrieved by the action of the trial judge regarding rectification of the appeal or articulation under Section 66-5 may, within ten days of the issuance of notice by the appellate clerk of the decision from the trial court sought to be reviewed, file a motion for review with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ."

[4] In light of our conclusion, we do not address whether the court erred in concluding that there was not a substantial change in circumstances warranting a modification of the child support order. This issue is left to the trial court on remand as necessary.

[5] "The criteria enumerated in § 46b-215a-5c (b) of the regulations are: '(1) Other financial resources available to a parent . . . (2) [e]xtraordinary expenses for care and maintenance of the child . . . (3) [e]xtraordinary parental expenses . . . (4) [n]eeds of a parent's other dependents . . . (5) [c]oordination of total family support . . . [and] (6) [s]pecial circumstances. . . .' Shared physical custody is considered a 'special circumstance' that justifies deviation when '(i) such arrangement substantially: (I) reduces expenses for the child, for the parent with the lower net weekly income, or (II) increases expenses for the child, for the parent with the higher net weekly income; and (ii) sufficient funds remain for the parent receiving support to meet the needs of the child after deviation; or (iii) both parents have substantially equal income.' Id., § 46b-215a-5c-(b) (6) (A). The '[b]est interests of the child' is also considered a special circumstance that justifies deviation. Id., § 46b-215a-5c (b) (6) (D)." *Righi* v. *Righi*, supra, 172 Conn. App. 436 n.3.

[6] As stated previously in this opinion, the dissolution court found that it was in the "best interest of the minor children and in the best interest of the parents that no child support be awarded . . . ." To the extent that the dissolution court relied on the "best interest of the parents" as a deviation criterion, it is not among the criteria that may justify a support order different from the support amounts calculated under the child support guidelines, as set forth in § 46b-215a-5c (b) of the Regulations of Connecticut State Agencies. See footnote 5 of this opinion.